LUMANA'I SAUFO'I and TAUSISI'I SAUFO'I, Plaintiffs

v.

AMERICAN SAMOA GOVERNMENT, CONTINENTAL INSURANCE, FATA HOLT, and KILISI PAULI, Defendants

High Court of American Samoa
Trial Division

CA No. 3-88

February 21, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
 For Defendant American Samoa Government, Arthur Ripley Jr., Assistant Attorney General
 For Defendants Continental Insurance, Fata Holt, and Kilisi Pauli, Roy J.D. Hall Jr.

On Motion to Amend Pleading:

Upon trial of this case we held the defendants partly liable for damages arising from the wrongful death of plaintiffs' daughter, Ballerina Saufo'i. We did not, however, enter judgment because plaintiffs had never petitioned the Court for designation as "next of kin" in accordance with A.S.C.A. § 43.5001, the territorial wrongful death statute.

Practice in the High Court has been to include brothers and sisters along with parents as plaintiffs in wrongful death actions where the decedent has left no surviving spouse or descendants. Ballerina, who was four years old at the time of her death, left four siblings, all of whom were minor children of plaintiffs. On the record before us it was not clear whether a judgment in plaintiffs' action was intended to foreclose the rights of these minor children to recover for any damages

they might have suffered, or to leave the defendants open to further litigation by the brothers and sisters. Either of these results would raise problems of procedure and of substance, although either might be preferable to leaving the question unresolved until the potential claimants should reach the age of majority in ten years or so. We therefore withheld entry of judgment pending a petition by plaintiffs for designation of "next of kin" under A.S.C.A. § 43.5001, either of themselves alone or of themselves along with Ballerina's brothers and sisters.

Plaintiffs have chosen to request amendment of their pleadings to include the brothers and sisters. Although this course seems the wisest of those now open, an amendment of this sort after trial can only be permitted insofar as it does not prejudice any of the defendants. In effect, this means plaintiffs must share their award of $ 30,037.50 with their new co-plaintiffs, who might have been able to prove and recover additional damages had they been joined before trial. (Plaintiffs have assured the Court through counsel that they understand this consequence of the present motion.)

It is commonplace to remark the difficulty of placing a value on pain and suffering, particularly of the emotional rather than physical variety. It is perhaps even more difficult to compare the emotional effects upon different people of a single tragic event. This is particularly true when the Court has no particular evidence on which to base such a comparison. Both human experience and judicial precedent suggest, however, that a person is likely to be more deeply affected by the death of his child than of his sibling. It is also true that minor children are far more likely to provide future financial support to their parents than to their brothers and sisters. The High Court has therefore approved wrongful death settlements by which the parents of a deceased child receive substantially more than the brothers and sisters, even though the parents were doing the negotiating for all the aggrieved parties. *See, e.g., Galo v. American Samoa Government*, 10 A.S.R.2d 94 (1989) ($17,000 total for two parents, $5,000 total for two children). In the present circumstances --- which include the fact that the parents themselves have been held partly responsible for the events leading up to Ballerina's death, and that the children would presumably have been able to recover with no reduction for comparative negligence had they been named as plaintiffs at the outset --- an award of $3,000 for each child seems reasonable. This leaves $18,037.50 for the parents.

53

Accordingly, the motion to amend the pleadings is granted. Plaintiffs Lumana'i and Tausisi'i Saufo'i are designated guardians ad litem for Joseph, Faimasasa, Iupeli, and Ilalio Saufo'i, who are also joined as plaintiffs. Judgment will enter against defendants Pauli, Holt, and Continental Insurance Company in the amount of $20,025, and against defendant American Samoa Government in the amount of $10,012.50. A total of $12,000 of this amount ($8,000 from the first three defendants and $4,000 from ASG) should be deposited in the registry of the Court to be placed in trust for the minor plaintiffs. The remaining $18,037.50 of the judgment will be entered in favor of plaintiffs Lumana'i and Tausisi'i Saufo'i.

It is so ordered.